UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ENGLISH, | ) 1:12-cv–01577-SKO-HC |
| Petitioner, | ) ORDER GRANTING PETITIONER LEAVE |
|  | ) TO FILE A MOTION TO AMEND THE |
|  | ) PETITION AND NAME A PROPER |
| v. | ) RESPONDENT NO LATER THAN THIRTY |
|  | ) (30) DAYS AFTER THE DATE OF |
| BRUNO STOLC, Warden, C.D.C., at Red Rock Correctional Center, | ) SERVICE OF THIS ORDER |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed on September 14, 2012, and transferred to this Court on September 26, 2012.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner alleges that he is serving a five-year sentence imposed in the Superior Court of the State of California, County of Kern in 2010 for offenses involving controlled substances and gang participation. Petitioner challenges his conviction. Petitioner is housed at the Red Rock Correctional Center in Eloy, Arizona. (Pet., doc. 1, 1-2.) Petitioner named as Respondent Bruno Stolc, the warden of the correctional center where Petitioner is housed. (Id. at 1.)

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California

2

1  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the
2  person having custody of an incarcerated petitioner is the warden
3  of the prison in which the petitioner is incarcerated because the
4  warden has "day-to-day control over" the petitioner and thus can
5  produce the petitioner.  Brittingham v. United States, 982 F.2d
6  378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme
7  Court, 21 F.3d at 360.  However, the chief officer in charge of
8  state penal institutions is also appropriate.  Ortiz-Sandoval, 81
9  F.3d at 894; Stanley, 21 F.3d at 360.
10       Here, although the named respondent is the warden of
11 Petitioner's institution of confinement, the named warden does
12 not appear to be an officer of the state of California; rather,
13 it appears that he is the warden of a private correctional
14 facility.  It thus appears that the propriety of the named
15 immediate custodian is in doubt.  However, in California, the
16 Secretary of the Department of Corrections and Rehabilitation is
17 vested with not only the control of the state prisons, but also
18 the responsibility for the care, custody, treatment, training,
19 discipline, and employment of persons confined in the state
20 prisons.  Cal. Pen. Code § 5054.  Further, it is evident from
21 state statutes that the Secretary has the power to produce the
22 prisoner.  See, Cal. Pen. Code §§ 2900, 5050; Ortiz-Sandoval, 81
23 F.3d at 895-96.  Thus, in the circumstances of the present case,
24 the Secretary of California's Department of Corrections and
25 Rehabilitation is a proper respondent.  Ortiz-Sandoval v. Gomez,
26 81 F.3d at 895-96.
27       Petitioner's failure to name a proper respondent requires
28 dismissal of his habeas petition for lack of jurisdiction.

Stanley, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the Secretary of the California Department of Corrections and Rehabilitation. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

III. Order Granting Leave to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent.

Failure to amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   October 10, 2012**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE

4