1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8           EASTERN DISTRICT OF CALIFORNIA

9

10

ANTHONY ENGLISH,                ) 1:12-cv—01577-SKO-HC
11                              )
              Petitioner,       ) ORDER GRANTING PETITIONER LEAVE
12                              ) TO FILE A MOTION TO AMEND THE
                                ) PETITION AND NAME A PROPER
13      v.                      ) RESPONDENT NO LATER THAN THIRTY
                                ) (30) DAYS AFTER THE DATE OF
14  BRUNO STOLC, Warden, C.D.C., ) SERVICE OF THIS ORDER
    at Red Rock Correctional    )
15  Center,                     )
                                )
16            Respondent.        )
                                )
17  _____)

18

19      Petitioner is a state prisoner proceeding pro se with a

20  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

21  The matter has been referred to the Magistrate Judge pursuant to

22  28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before

23  the Court is Petitioner's petition, which was filed on September

24  14, 2012, and transferred to this Court on September 26, 2012.

25      I.   Screening the Petition

26      Rule 4 of the Rules Governing § 2254 Cases in the United

27  States District Courts (Habeas Rules) requires the Court to make

28  a preliminary review of each petition for writ of habeas corpus.

1

1  The Court must summarily dismiss a petition "[i]f it plainly

2  appears from the petition and any attached exhibits that the

3  petitioner is not entitled to relief in the district court...."

4  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

5  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

6  1990).

7      The Court may dismiss a petition for writ of habeas corpus

8  either on its own motion under Rule 4, pursuant to the

9  respondent's motion to dismiss, or after an answer to the

10 petition has been filed.  Advisory Committee Notes to Habeas Rule

11 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

12 (9th Cir. 2001).  A petition for habeas corpus should not be

13 dismissed without leave to amend unless it appears that no

14 tenable claim for relief can be pleaded were such leave granted.

15 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

16     II.  Petitioner's Failure to Name a Proper Respondent

17     In this case, Petitioner alleges that he is serving a five-

18 year sentence imposed in the Superior Court of the State of

19 California, County of Kern in 2010 for offenses involving

20 controlled substances and gang participation.  Petitioner

21 challenges his conviction.  Petitioner is housed at the Red Rock

22 Correctional Center in Eloy, Arizona.  (Pet., doc. 1, 1-2.)

23 Petitioner named as Respondent Bruno Stolc, the warden of the

24 correctional center where Petitioner is housed.  (Id. at 1.)

25     A petitioner seeking habeas corpus relief under 28 U.S.C.

26 § 2254 must name the state officer having custody of him as the

27 respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v.

28 Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California

2

1   Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the

2   person having custody of an incarcerated petitioner is the warden

3   of the prison in which the petitioner is incarcerated because the

4   warden has "day-to-day control over" the petitioner and thus can

5   produce the petitioner.  Brittingham v. United States, 982 F.2d

6   378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme

7   Court, 21 F.3d at 360.  However, the chief officer in charge of

8   state penal institutions is also appropriate.  Ortiz-Sandoval, 81

9   F.3d at 894; Stanley, 21 F.3d at 360.

10      Here, although the named respondent is the warden of

11  Petitioner's institution of confinement, the named warden does

12  not appear to be an officer of the state of California; rather,

13  it appears that he is the warden of a private correctional

14  facility.  It thus appears that the propriety of the named

15  immediate custodian is in doubt.  However, in California, the

16  Secretary of the Department of Corrections and Rehabilitation is

17  vested with not only the control of the state prisons, but also

18  the responsibility for the care, custody, treatment, training,

19  discipline, and employment of persons confined in the state

20  prisons.  Cal. Pen. Code § 5054.  Further, it is evident from

21  state statutes that the Secretary has the power to produce the

22  prisoner.  See, Cal. Pen. Code §§ 2900, 5050; Ortiz-Sandoval, 81

23  F.3d at 895-96.  Thus, in the circumstances of the present case,

24  the Secretary of California's Department of Corrections and

25  Rehabilitation is a proper respondent.  Ortiz-Sandoval v. Gomez,

26  81 F.3d at 895-96.

27      Petitioner's failure to name a proper respondent requires

28  dismissal of his habeas petition for lack of jurisdiction.

1  Stanley, 21 F.3d at 360.

2      However, the Court will give Petitioner the opportunity to

3  cure this defect by amending the petition to name a proper

4  respondent, such as the Secretary of the California Department of

5  Corrections and Rehabilitation.  See, In re Morris, 363 F.3d 891,

6  893-94 (9th Cir. 2004).  In the interest of judicial economy,

7  Petitioner need not file an amended petition.  Instead,

8  Petitioner may file a motion entitled "Motion to Amend the

9  Petition to Name a Proper Respondent" wherein Petitioner may name

10  the proper respondent in this action.

11      III.  Order Granting Leave to File a Motion to Amend
              the Petition

12

13      Accordingly, Petitioner is GRANTED thirty (30) days from the

14  date of service of this order in which to file a motion to amend

    the instant petition and name a proper respondent.
15

16      Failure to amend the petition and state a proper respondent

17  will result in dismissal of the petition for lack of

18  jurisdiction.

19

    IT IS SO ORDERED.
20

    **Dated:    October 10, 2012**              **/s/ Sheila K. Oberto**
21                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

                               4