UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ENGLISH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　Respondent. | 1:12-cv–01577-SKO-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION TO CHANGE THE NAME OF RESPONDENT (Docs. 13, 1)<br><br>ORDER DIRECTING THE CLERK TO CHANGE THE NAME OF THE RESPONDENT TO MATTHEW CATE, SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE TO THE PETITION (Doc. 1)<br><br>ORDER SETTING A BRIEFING SCHEDULE<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON THE ATTORNEY GENERAL |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by

1

Petitioner on October 9, 2012 (doc. 11).

Pending before the Court are Petitioner's motion to amend the petition to name a proper respondent (doc. 13), and the petition filed on September 14, 2012 (doc. 1).

I. Petitioner's Motion to Amend the Petition to Name an Appropriate Respondent

Pending before the Court is the motion of Petitioner to amend the petition to name as Respondent Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation (CDCR). Petitioner filed the motion pursuant to the suggestion of the Court in its order of October 11, 2012, in which the Court granted leave to Petitioner to amend the petition.

The proper respondent to a habeas petition is the person who has custody over the petitioner. 28 U.S.C. §§ 2242, 2243. The statutes contemplate a proceeding against a person who has the immediate custody of the prisoner and the power to produce the body of the prisoner. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). The Habeas Rules do not expressly specify the warden of the petitioner's custodial institution as the proper respondent. However, the Advisory Committee Note to Habeas Rule 2 indicates that the warden and the chief officer in charge of the state penal institutions are appropriately considered as the state officer having custody.

Naming the California Director of Corrections in place of the warden of the institution where a petitioner is housed does not deprive the court of personal jurisdiction over the respondent where the petitioner is a state prisoner bringing a challenge to a conviction sustained within the jurisdiction of

2

the California Department of Corrections. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894-95 (9th Cir. 1996). Whether a state official has custody of a prisoner and has the power to produce a prisoner depends in part upon the penal system of the state in question. <u>Id.</u> at 895. In <u>Ortiz-Sandoval v. Gomez</u>, the court found significant the fact that both the warden of a California prison and California's Director of Corrections had the power to produce the prisoner; both might receive service of process; and the laws of the state put the custody of the prisoner in the director. The court concluded that under those circumstances, in cases where a prisoner has been transferred or where his immediate custodian has otherwise been put in doubt, the Director of Corrections serves as an effective respondent and eliminates procedural roadblocks to resolution on the merits. <u>Id.</u> at 896.

As of July 1, 2005, Cal. Pen. Code § 5050 abolished the office of the Director of Corrections and provided that any reference to the Director of Corrections in any code refers to the Secretary of the California CDCR.

The Court therefore concludes that Matthew Cate, Secretary of the CDCR, is an appropriate respondent in this action, and that he should be substituted as Respondent.

II.   <u>A Response to the Petition</u>

The Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

Accordingly, pursuant to Habeas Rule 4 and Rule 16 of the

3

Federal Rules of Civil Procedure,[1] the Court will direct the filing of a response, set a briefing schedule, and give directions for service of documents.

### III. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion to amend the petition to change the named Respondent is GRANTED; and

2) The Clerk is DIRECTED to change the Respondent named in this proceeding to Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation; and

3) Respondent SHALL FILE a RESPONSE to the petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A response can be made by filing one of the following:

> A. An ANSWER addressing the merits of the petition. Respondent SHALL INCLUDE with the ANSWER any and all transcripts or other documents necessary for the resolution of the issues presented in the petition. See Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that a

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Habeas Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Habeas Rule 12.

[2] Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

4

            claim of Petitioner has been *procedurally defaulted* SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

    B.    A MOTION TO DISMISS the petition.  A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.  See Rule 5, Rules Governing Section 2254 Cases.[3]

4. If Respondent files an answer to the petition, Petitioner MAY FILE a traverse within **THIRTY (30) days** of the date Respondent's answer is filed with the Court.  If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty (30) days.

5. If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within **TWENTY-ONE (21) days** of the date Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty (30) days.  Any reply to an opposition to the motion to dismiss SHALL BE FILED within **SEVEN (7) days** after the opposition is served.

6. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a consent/decline form indicating whether the party consents or

---

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

5

1 declines to consent to the jurisdiction of a the United States
2 Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).
3         7.   The Clerk of the Court is DIRECTED to SERVE a copy of
4 this order on the Attorney General or his representative.
5        All motions shall be submitted on the record and briefs
6 filed without oral argument unless otherwise ordered by the
7 Court.  Local Rule 230(l).  Extensions of time will only be
8 granted upon a showing of good cause.  All provisions of Local
9 Rule 110 are applicable to this order.
10
11 IT IS SO ORDERED.

**Dated:    October 25, 2012**                     /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE