**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY ENGLISH, | ) Case No. 1:12-cv-01577-SKO-HC |
| Petitioner, | )<br>) |
| v. | ) ORDER DISMISSING THE CASE FOR<br>) PETITIONER'S FAILURE TO PROSECUTE<br>) AND FOLLOW AN ORDER OF THE COURT |
| | )<br>) ORDER DECLINING TO ISSUE A |
| MATTHEW CATE, Secretary of the CDCR, | ) CERTIFICATE OF APPEALABILITY AND<br>) DIRECTING CLOSURE OF THE CASE |
| | ) |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on October 9, 2012, and on behalf of Respondent on November 29, 2012.

Pending before the Court are 1), the petition, which was filed on September 14, 2012, and 2) a notice entered on the docket on March 18, 2013, indicating that this Court's order granting

1

1    Respondent's second motion for an extension of time to file a

2    response to the petition, which had been served by mail on

3    Petitioner at his address listed on the docket on February 5, 2013,

4    had been returned from Petitioner's former institution of

5    confinement as "Undeliverable, Paroled."

6          II.   Dismissal of the Petition

7          Pursuant to Local Rule 183(b), a party appearing in propria

8    persona is required to keep the Court apprised of his or her current

9    address at all times.  Local Rule 183(b) provides, in pertinent

10   part:

11        If mail directed to a plaintiff in propria persona by the
          Clerk is returned by the U.S. Postal Service, and if such
12        plaintiff fails to notify the Court and opposing parties
          within sixty-three (63) days thereafter of a current
13        address, the Court may dismiss the action without
          prejudice for failure to prosecute.
14

15   Further, Local Rule 110 provides:

16        Failure of counsel or of a party to comply with these
          Rules or with any order of the Court may be grounds
17        for imposition by the Court of any and all sanctions
          authorized by statute or Rule or within the inherent
18        power of the Court.

19
     District courts have the inherent power to control their
20
     dockets and "in the exercise of that power, they may impose
21
     sanctions including, where appropriate...dismissal of a case."
22
     Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
23
     court may dismiss an action, with prejudice, based on a party's
24
     failure to prosecute an action, failure to obey a court order, or
25
     failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46
26
     F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
27
     local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
28

                                        2

1   1992) (dismissal for failure to comply with an order requiring

2   amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th

3   Cir. 1988) (dismissal for failure to comply with local rule

4   requiring pro se plaintiffs to keep court apprised of address);

5   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

6   (dismissal for failure to comply with court order); Henderson v.

7   Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

8   prosecution and failure to comply with local rules).

9       Here, more than sixty-three days (63) have passed since

10  Petitioner's mail was first returned, and he has not notified the

11  Court of a current address.  In determining whether to dismiss an

12  action for lack of prosecution, failure to obey a court order, or

13  failure to comply with local rules, the Court must consider several

14  factors: (1) the public's interest in expeditious resolution of

15  litigation; (2) the Court's need to manage its docket; (3) the risk

16  of prejudice to the respondents; (4) the public policy favoring

17  disposition of cases on their merits; and (5) the availability of

18  less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson,

19  779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at

20  1260-61; Ghazali, 46 F.3d at 53.

21      In the instant case, because the petition has been pending for

22  a lengthy period, the Court finds that the public's interest in

23  expeditiously resolving this litigation and the Court's interest in

24  managing the docket weigh in favor of dismissal.  The third factor,

25  risk of prejudice to respondents, also weighs in favor of dismissal,

26  since a presumption of injury arises from the occurrence of

27  unreasonable delay in prosecuting an action.  Anderson v. Air West,

28  542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

1   policy favoring disposition of cases on their merits -- is greatly

2   outweighed by the factors in favor of dismissal discussed herein.

3   Finally, the Court has reviewed the "consideration of alternatives"

4   requirement.  See, Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833

5   at 132-33; Henderson, 779 F.2d at 1424.  The Court's order dated

6   September 26, 2012, and served by mail on Petitioner on the same

7   date, expressly informed Petitioner that each party appearing in

8   propria persona was under a continuing duty to notify the Clerk and

9   all other parties of any change of address by filing a separate

10  notice; absent such notice, service at a prior address shall be

11  fully effective.  (Doc. 8, 2.)  The Court also sent Petitioner a

12  sample form for a notice of change of address.  (Id.) Because

13  Petitioner has failed to inform the Court of his new address, the

14  Court cannot communicate with Petitioner or explore any alternatives

15  short of dismissal of the case.

16       The Court concludes that dismissal is appropriate.

17       II.   Certificate of Appealability

18       Unless a circuit justice or judge issues a certificate of

19  appealability, an appeal may not be taken to the court of appeals

20  from the final order in a habeas proceeding in which the detention

21  complained of arises out of process issued by a state court.  28

22  U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336

23  (2003).  A certificate of appealability may issue only if the

24  applicant makes a substantial showing of the denial of a

25  constitutional right.  § 2253(c)(2).  Under this standard, a

26  petitioner must show that reasonable jurists could debate whether

27  the petition should have been resolved in a different manner or that

28  the issues presented were adequate to deserve encouragement to

4

1 proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting

2 Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should

3 issue if the Petitioner shows that jurists of reason would find it

4 debatable whether: (1) the petition states a valid claim of the

5 denial of a constitutional right, or (2) the district court was

6 correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473,

7 483-84 (2000).  In determining this issue, a court conducts an

8 overview of the claims in the habeas petition, generally assesses

9 their merits, and determines whether the resolution was debatable

10 among jurists of reason or wrong.  Id.  An applicant must show more

11 than an absence of frivolity or the existence of mere good faith;

12 however, an applicant need not show the appeal will succeed.

13 Miller-El v. Cockrell, 537 U.S. at 338.  A district court must issue

14 or deny a certificate of appealability when it enters a final order

15 adverse to the applicant.  Rule 11(a) of the Rules Governing Section

16 2254 Cases.

17    Here, it does not appear that reasonable jurists could debate

18 whether the petition should have been resolved in a different

19 manner.  Petitioner has not made a substantial showing of the denial

20 of a constitutional right.  Accordingly, the Court will decline to

21 issue a certificate of appealability.

22    III.  Disposition

23    Accordingly, it is ORDERED that:

24    1)  The petition is DISMISSED without prejudice for

25 Petitioner's failure to follow the order of the Court and failure to

26 prosecute the action; and

27    2)  The Clerk is DIRECTED to close the action because this

28 order terminates the proceeding in its entirety; and

1          3)    The Court DECLINES to issue a certificate of appealability.

2

3

4

5

6

7

8

9

10

11   IT IS SO ORDERED.

12      Dated:    **June 20, 2013**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28